UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON CLINE                                          CIVIL ACTION

VERSUS                                                NO. 14-1956

JEFFERSON PARISH                                      SECTION "B"(5)

ORDER AND REASONS

I. **NATURE OF THE MOTION AND RELIEF SOUGHT**

Before the Court is a Fed. R. Civ. P. 56 Motion for Summary Judgment by Defendant, Jefferson Parish.[1] Claimant, Sharon Cline has filed a memorandum in opposition.[2] Subsequently, Defendant, filed a reply.[3] The motion, set for submission on January 21, 2015, is before the Court, without oral argument. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 7) is **GRANTED** and Claimant's claims: (1) under the ADEA for age discrimination; and, (2) under state law for negligence, intentional infliction of emotional distress and other violations of the general tort law, are **DISMISSED WITH PREJUDICE.**

II. **FACTS AND PROCEDURAL HISTORY**

This employment discrimination action arises out of Claimant, Sharon Cline's ("Claimant") employment with Defendant,

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 14.
[3] Rec. Doc. No. 17, 19.

1

Jefferson Parish, Department of Streets, Complaints Division ("Jefferson Parish" or "Defendant").[4] Claimant was hired by Defendant on June 23, 1990.[5] Her most recent position is that of administrative assistant. Claimant contends that, during her employment, at the age of 52, she applied for the position of Executive Assistant, but was not selected. Jefferson Parish selected 28-year-old employee, Maria Cooper ("Cooper") for the position.[6]

Claimant avers that Jefferson Parish's reasons for Claimant's non-selection, and Cooper's selection, are pre-text for age discrimination.[7] Claimant filed an internal grievance, seeking a re-determination of the position. This request was denied.[8]

On March 25, 2014, Claimant filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination in employment based on age.[9] On August 12, 2014, Claimant received a Notice of Right to Sue Letter from the EEOC and timely filed the instant action before the Court, asserting a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), and invoking the Court's supplemental

---

[4] Rec. Doc. No. 1 at 2.
[5] Rec. Doc. No. 1 at 2.
[6] Rec. Doc. No. 1 at 2; Rec. Doc. No. 7 at 2.
[7] Rec. Doc. No. 1 at 2.
[8] Rec. Doc. No. 7 at 3.
[9] Rec. Doc. No. 1 at 1.

jurisdiction over state law claims arising under La. Civil Code art. 2315 for: negligence, general tort law and intentional infliction of emotional distress.[10]

As to the instant Motion for Summary Judgment, Defendant argues that Claimant was not selected for the administrative position because she lacked the technical knowledge and skill required for the high level management position.[11] Further, Defendant argues Claimant has no evidence to support a finding that age was the sole or 'but for' factor in the employment decision.[12]

Claimant opposes Defendant's Motion for Summary Judgment and argues that she was in fact qualified for the position, that Cooper was unqualified for the position, and that the hiring decision resulted from age discrimination.

### III. LAW AND ANALYSIS

A. *Summary Judgment Standard*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[10] Rec. Doc. No. 1 at 1.
[11] Rec. Doc. No. 7 at 1.
[12] Rec. Doc. No. 7 at 3.

3

(1986); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 749 (5th Cir. 2002).

The proponent of the motion bears the burden of showing a lack of evidence to support his opponent's case. Fed. R. Civ. P. 56(c); *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014). The court must draw all justifiable inferences in favor of the non-moving party. *TIG Ins. Co.*, 276 F.3d at 759. A court must refrain from making credibility determinations or weighing the evidence. *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R. Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). A party cannot "defeat summary judgment with conclusory allegations, unsubstantial assertions, or 'only a scintilla of evidence.'" *Celtic Marine Corp., 760 F.3d at 481; TIG Ins. Co.*, 276 F.3d at 759.

In an employment discrimination case, the Court must "focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff." *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 447-48 (5th Cir. 1996).

B.     *Claimant's ADEA Claim for Failure to Promote*

Under the ADEA, "[i]t shall be unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "A plaintiff can demonstrate age discrimination in two ways, either through: direct evidence or by an indirect or inferential [circumstantial] method of proof." *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 309 (5th Cir. 2004).

The burden-shifting analysis requires that Claimant to establish a prima facie case that the Defendant made an employment decision that was motivated by a protected factor. *McDonnell Douglas Corp. v. Green*, 411 U.S. 972 (1973); *Turner v. Kansas City Southern Railway Co*., 675 F.3d 887,892 (5th Cir. 2012). If Claimant establishes a prima facie case, the Court proceeds to the next stage, where the Defendant bears the burden of producing evidence that its employment decision was based on a legitimate, nondiscriminatory reason for the employment decision. *Mayberry v. Vought Aircraft Co*., 55 F.3d 1086, 1089 (5th Cir. 1995); *Willis v. Coca-Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006).

5

To establish a *prima facie* case for discriminatory failure to hire under the ADEA, the plaintiff must show that that:

1. She was forty or older at the time she was not selected;
2. She was qualified for the position she sought;
3. She was not selected; and,
4. Either (a) a candidate outside her protected class was hired, (b) someone younger was hired, or (c) she was otherwise not selected because of her age. *Joseph v. City of Dallas*, 277 F. App'x 436, 439 (5th Cir. 2008); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

Claimant's case does not satisfy the elements of a *prima facie* case of age discrimination. To meet her initial burden, Claimant must show that her age "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000)(*quoting Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

First, the Court notes that Claimant can point to no direct evidence of age discrimination. Second, while it is undisputed that Claimant's age makes her a member of a protected class, nor is it disputed that Claimant was not selected for the position,

6

she fails to demonstrate how her age was used by Randy Nicholson ("Nicholson"), the Director who made the decision to hire Cooper. Claimant simply contends that she possesses the technical knowledge and skill required of the position, and that Cooper was hired without the requisite skill and knowledge, but was provided opportunities to train and get experienced based on her age.[13]

Claimant's allegations of age discrimination lack evidentiary support. While Claimant provides a Certificate of Completion of training in Microsoft Excel Basics, and claims knowledge and skill in Microsoft Excel and Outlook, as well as Work Order System and AS400, and network maintenance, she fails to establish that she was, in fact qualified for the position.[14] For example, the job posting "Executive Assistant" provides under essential functions, first and foremost: "Responsible for the maintenance and updating of all computers, servers, and wiring of the computer networks...." [15]

Even if Claimant could establish a prima facie claim of age discrimination, summary judgment is appropriate because the Defendant offers a legitimate, nondiscriminatory reason for selecting Cooper and not selecting Claimant. *See Texas Dep't of*

---

[13] Rec. Doc. No. 14 at 3.
[14] Rec. Doc. No. 14 at 7.
[15] Rec. Doc. No. 7-4 at 2.

7

*Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981). Defendant explains that while Claimant was efficient in her current position, Cooper not only has extensive technical skill and knowledge in various software programs including Excel set up, as well as network maintenance and data system creation, as required by the position, but also served as the administrative assistant to the former executive assistant, Richard Lamoreux ("Lamoreux"), who retired at age 74.[16] Further, Defendant was impressed that Cooper took on the responsibilities and duties of the previous executive assistant, who educated her on the inventory systems.[17] Lastly, Nicholson's direct experience with Cooper, his former secretary, and Claimant informed his decision that Cooper was the strongest candidate.[18]

As Defendant has offered a nondiscriminatory reason for not promoting Claimant, the focus then shifts to the ultimate question: whether Claimant can prove that the Defendant intentionally discriminated against her on the basis of age. *Burdine*, 450 U.S. at 255. Claimant "retains the ultimate burden of persuasion throughout the case." *Faruki v. Parson S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997). Claimant may overcome Defendant's proffered nondiscriminatory reason by providing sufficient evidence to create a genuine issue of material fact

---

[16] Rec. Doc. No. 7 at 2.
[17] Rec. Doc. No. 7-3 at 6.
[18] Rec. Doc. No. 7-2 at 2.

that its legitimate, nondiscriminatory reason is merely pretext. *Vallee v. Gerry Lane Hummer-Saab, LLC,* No. 10-00765-BAJ-SCR, 2013 WL 1296680 (M.D. La. March 28, 2013)(*citing Machinchick v. PB Power, Inc.,* 398 F.3d 345, 352 (5th Cir. 2005)).

Claimant does not demonstrate or prove that Cooper lacked the requisite skill and knowledge, but merely speculates that Cooper may be unqualified on the basis that two new employees subordinate to Cooper were hired, and that one employee complained that Cooper was not timely submitting information.[19] Claimant alleges: "Maria Cooper was provided opportunities to train and get experience based on age, but is no more qualified for the position than Claimant."[20] Therein, Claimant acknowledges that Cooper gained qualifications.

Claimant offers no evidence to suggest Defendant's proffered reason is a pretext for age discrimination. The evidence, taken as a whole does not create a reasonable inference that Claimant's protected status was a determinative factor in the actions of which Claimant complains. *Vadie v. Mississippi State Univ.,* 218 F.3d 365, 374, n. 23 (5th Cir. 2000).

---

[19] Rec. Doc. No. 14 at 7.
[20] Rec. Doc. No. 14-1 at 3.

9

To survive a motion for summary judgment in this context, a plaintiff must rebut each of the non-discriminatory reasons with sufficient evidence to permit a jury to find that age was the "but-for" reason for the defendant's decision, which Claimant has failed to establish. Accordingly, summary judgment is proper on this claim as a matter of fact and law.

C. State Law Claims

Claimant alleges that, by committing the intentional acts complained of, Defendant has violated her rights under La. Civil Code 2315, by committing negligence, intentional infliction of emotional distress, and other violations under general tort law. Although Defendant has moved for summary judgment on all of Claimant's claims, these specific claims were not briefed by the parties. However, implicit in the Court's foregoing conclusion on the ADEA claim, that Claimant has failed to establish the requisite discrimination, is a finding that Claimant cannot establish tort claims for damages flowing from the alleged discrimination.

Further, the record taken as a whole could not lead a rational trier of fact to find for Claimant on a claim of intentional infliction of emotional distress and therefore, there is no genuine issue for trial. The alleged conduct does not rise to the level of extreme and outrageous conduct required

to state such a claim. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 7) is **GRANTED** and Claimant's claims: (1) under the ADEA for age discrimination; and, (2) under state law for negligence, intentional infliction of emotional distress and other violations of the general tort law, are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 22nd day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE

11